No. 4644.

MARCEL GUIDRY v. J. JEANNEAUD & Co.

Where certain funds belonging to A were sequestered in the hands of B, his agent, at the
suit of C, and said funds were paid to C, by virtue of a judgment which was not appealed
from ;

Held—That the payment was good against A, who could not recover the amount from B, on
the plea that he was not cited, and therefore was not bound by the judgment, because it
was proved that he had ample notice and knowledge of the proceedings. He needed not
the permission of B, his agent, and the garnishee in the suit, to appear in said suit, and
could have appealed from the judgment, had he seen fit to do so. Under the circum-
stances of the case, as they appear in the record, B can not be forced to pay to A what he
was compelled to pay to A's creditors by a court of competent jurisdiction.

APPEAL from the Sixth District Court, parish of Orleans. *Leau-
mont*, J. *Charles Louque*, for plaintiff and appellant. *J. A.
Seghers*, for defendants and appellees.

TALIAFERRO, J. The defendants, in November, 1871, acting as the
agents of the plaintiff, received for him, from the Queen's Insurance
Company, $4500. Of this sum the defendants, at the instance of and
by the sanction of the plaintiff, paid out to different parties $3900,
leaving a balance of $600 in their hands, and in relation to this balance
arose the controversy forming the subject of this suit.

The defense is, that by a judgment of the Sixth District Court, ren-
dered in favor of Blancand & Guitet, against them, commenced by
sequestration, they were compelled to pay out of this balance of $600
in their hands the sum of $491 61, a debt owing by Guidry, the plain-

tiff, to Blancand·& Guitet; that they paid the costs of that suit, amounting to $30 70, and the remainder, $77 69, was allowed the defendants, by order of court, for attorney's fees, etc., incurred and paid by them as garnishees in the proceedings in court, and which they defended in the interests of the plaintiff. In the court below there was judgment in favor of the defendants, and the plaintiff appealed.

This case turns upon a question raised by a bill of exceptions in the record. The plaintiff objected to the introduction in evidence by defendants of the judgment of Blancand & Guitet, offered to show the disposal of $491 61, a part of the balance of the $600 in the hands of the defendants. The objection was that Guidry, the plaintiff, not having been a party to the judgment, was not bound by it. The court overruled the objection on the ground that the letter of Guidry's counsel, addressed to the defendants, Jeanneaud & Co , at the time the suit was instituted, and Guidry's receipt to the defendants, both of which are in evidence, sufficiently identify Guidry with the suit. The letter of the attorney is in these words:

"NEW ORLEANS, December 20, 1871.

"Messrs. Jeanneaud & Co :

" GENTLEMEN—At the request of Marcel Guidry allow me to inform you that he is not made a party to the suit brought by Blancand & Guitet against you before the Sixth District Court for the parish of Orleans, under No. 2886 of its docket; that the money sequestered and claimed is not the property of Messrs. Blancand & Guitet, and that said Marcel Guidry is not indebted unto them for the amount claimed. The interest of Marcel Guidry being solely at stake, with your permission, he will defend the suit so brought, and pay the expenses of court and of the attorney, relieving you from all responsibility. In case you fail to accept this proposition, or to defend the suit properly, the said Guidry will hold you personally responsible for all damages he may suffer in the premises.

" Very respectfully, your obedient servant,

" CH. LOUQUE, Attorney."

The receipt reads as follows:

"NOUVELLE ORLEANS, 27 Novembre, 1874.

" Reçu de Messieurs J. Jeanneaud & Cie. la somme de cinq cent cinquante piastres et quarante-et-un sous pour balance me revenant de mon assurance, moins six cents piastres que ces Messieurs gardent pour un (garnishee) de la maison Blancand & Guitet, et deux mille piastres pour la maison Rochereau & Co.

"(Signed)                              M. GUIDRY."

It seems clear from the evidence that Guidry had full knowledge of the pendency of the suit of Blancand & Guitet, and that he had ample time to set up all the defenses in his power by appearing and defending himself in person.

But it has been frequently held by this court that no valid judgment can be rendered against a party unless he has been legally cited; 21 An. 630, or voluntarily answers to the suit. Knowledge of the suit brought home to the defendant in any other way will not cure a defective citation; 19 An. 360. Guidry not having been made a party to the proceeding in which his rights were to be affected, no valid judgment could be rendered in that proceeding to affect those rights. 7 N. S., 161; 13 An. 374.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed. It is further ordered that the plaintiff recover from the defendants, Jean Jeanneaud and J. V. Cathalogne, *in solido*, the sum of six hundred dollars, with five per cent. interest per annum from the twenty-third day of November, 1871, and all costs of suit.

## On Rehearing.

MORGAN, J. Marcel Guidry, who resides in the parish of St. James, was entitled to receive a considerable sum of money from one of the insurance offices of this city. He appointed Jeanneaud & Co. to receive this money. It was paid to them. Guidry owed a number of parties in New Orleans; among others, Blancand & Guitet, to whom he addressed the following letter:

"ST. JACQUES, ce 1er Novembre, 1871.

Messieurs Blancand & Guitet:

Je viens de recevoir votre lettre. Veuillez, je vous prie, porter mon compte à Monsieur Jeanneaud & Cie., qui vous payera aussitôt que l'assurance lui aura payé. Tout à vous.          M. GUIDRY."

This letter was presented to Jeanneaud & Co. by Blancand & Guitet, and they promised to pay the sum due as soon as the insurance money should have been collected. Subsequently, however, Guidry countermanded these instructions, and Jeanneaud refused to pay. Thereupon Blancand & Guitet brought suit, and sequestered the money in Jeanneaud & Co.'s hands.

There was judgment ordering the sum claimed by Blancand & Guitet to be paid to them; from which judgment no appeal was taken. Under it Jeanneaud & Co. paid the money. It was objected to the introduction of this judgment, that Guidry was not properly cited, and was, in fact, no party to the suit. In a former proceeding, instituted on the eighteenth November, 1871, Blancand & Guitet proceeded against these funds in the hands of Jeanneaud & Co., by which they were injoined from paying over this money to Guidry. Subsequently, to wit, on the twenty-seventh November, 1871, Guidry seems to have had a settlement with Jeanneaud & Co., as appears from the following receipt:

"NOUVELLE-ORLEANS, 27 Novembre, 1871.

"Reçu de Messieurs J. Jeanneaud & Cie, la somme de cinq cent cinquante piastres et quarante-et-un sous, pour balance me revenant de mon assurance, moins six cents piastres que ces Messieurs gardent pour un (garnishee) de la maison Blancand & Guitet, et deux mille piastres pour la maison Rochereau & Cie.

"M. GUIDRY."

This proceeding seems to have been set aside, but the money still remaining in the hands of Jeanneaud & Co. was again proceeded against. It was in this proceeding that judgment was rendered in favor of Blancand & Guitet, and under which Jeanneaud & Co. paid. Of these proceedings Guidry had ample notice. His counsel, as is shown in the letter to Jeanneaud & Co., notified them that Guidry's interest alone was at stake, and that with their permission he would appear and defend the suit, otherwise they would be held responsible. He needed not the permission of Jeanneaud & Co. to appear in the suit; they could not have hindered him from doing so, had he liked; he could have appealed from the judgment, had he seen fit to do so. He did neither. Jeanneaud & Co. only paid a debt which he had acknowledged to be due, and the money for which he had left in their hands to pay. They paid only after they were ordered to pay by a court of competent jurisdiction, over them at least, and we do not think that under these circumstances they can be forced to pay to Guidry what they were compelled to pay Guidry's creditor.

It is therefore ordered, adjudged and decreed, that the judgment heretofore rendered by us be annulled, avoided and reversed, and it is further ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs.